LESLIE R. WEATHERHEAD
lwlibertas@aol.com
Idaho Bar No. 3916
Witherspoon Kelley Davenport & Toole
422 West Riverside Avenue, Suite1100
Spokane, Washington 99201
Telephone:  (509) 624-5265
Facsimile:  (509) 458-2728

M. REED HOPPER (*pro hac vice pending*)
mrh@pacificlegal.org
Cal. Bar No. 131291
DAMIEN M. SCHIFF (*pro hac vice pending*)
dms@pacificlegal.org
Cal. Bar No. 235101
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION

| | |
|---|---|
| CHANTELL and MICHAEL SACKETT, | ) Case No. _____ |
| Plaintiffs, | ) |
| | ) |
| | ) **COMPLAINT FOR** |
| v. | ) **DECLARATORY AND** |
| | ) **INJUNCTIVE RELIEF** |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY; and STEPHEN L. | ) |
| JOHNSON, in his official capacity as Administrator | ) |
| of the Environmental Protection Agency, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. Plaintiffs Chantrell and Michael Sackett bring this action for injunctive and declaratory relief under the Clean Water Act (CWA), 33 U.S.C. § 1251, *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 551, *et seq.*

2. Defendants United States Environmental Protection Agency and Stephen L. Johnson have issued a compliance order under the CWA to Plaintiffs, determining that Plaintiffs' property is subject to the CWA, and that Plaintiffs have illegally placed fill material on their property. The compliance order requires Plaintiffs immediately to begin substantial and costly restoration work, including removal of the fill material, replanting, and a three-year monitoring program during which the property must be left untouched. The compliance order subjects Plaintiffs to significant civil penalties for failure to comply. The compliance order was issued without providing Plaintiffs an opportunity to be heard and to contest Defendants' findings.

3. Plaintiffs therefore seek by this action a declaration that Plaintiffs' property is not subject to the CWA, and that enforcement of the compliance order without providing Plaintiffs a hearing violates Plaintiffs' procedural due process rights. Further, Plaintiffs seek an injunction enjoining Defendants from enforcing the compliance order without first providing Plaintiffs a hearing.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 2201 (authorizing declaratory relief); § 2202 (authorizing injunctive relief); and 5 U.S.C. § 702 (providing for judicial review of agency action under the APA).

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(2), because the property that is the subject of the action is situated here.

## PARTIES

6. Plaintiffs Chantell and Michael Sackett own the property that is the subject of this action. Plaintiffs own Sackett Construction, a small construction company located at Priest Lake, Idaho. They do work around Priest Lake, and also on projects further south in Coeur D'Alene and Spokane. Plaintiffs purchased the property with the intention to build a house on it. They applied for and obtained the requisite building permits. Nothing in the title documents or title policy indicated any limitation on development.

7. Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (EPA) is an agency of the United States established pursuant to Reorganization Plan No. 3 of 1970, 84 Stat. 2086. It is the agency with primary responsibility for the enforcement of the CWA.

8. Defendant STEPHEN L. JOHNSON is the Administrator of EPA, and oversees EPA's enforcement of the CWA. He is sued in his official capacity only.

## LEGAL BACKGROUND

9. In 1972, Congress enacted the CWA to regulate the navigable waters of the United States.

10. Section 404 of the CWA, 33 U.S.C. § 1344, authorizes EPA to issue permits for the discharge of dredge and fill material into the navigable waters of the United States.

11. Section 301(a), *id*. § 1311(a), prohibits the unpermitted discharge of dredge and fill material into the navigable waters of the Unite States.

12. Sections 308 and 309, *id*. §§ 1318, 1319(a), authorize EPA to issue compliance orders for violations of the CWA, including unpermitted discharges of dredge and fill material into the navigable waters of the United States.

13. Section 502(7), *id*. § 1362(7), defines "navigable waters" to mean the "waters of the United States, including the territorial seas."

14. The EPA has promulgated regulations to define "waters of the United States." *See* 40 C.F.R. § 230.3(s).

15. Under those regulations, navigable waters, interstate waters, intrastate waters with uses that could affect interstate or foreign commerce, impoundments of waters, tributaries of waters, territorial seas, and wetlands adjacent to other waters that are not themselves wetlands, are considered "waters of the United States." *See id*. § 230.3(s)(1)-(7).

16. In 2001, the United States Supreme Court, in *Solid Waste Agency of Northen Cook County v. United States Army Corps of Engineers (SWANCC)*, 531 U.S. 159 (2001), held that isolated, intrastate non-navigable bodies of water are not "waters of the United States."

17. In response to the *SWANCC* opinion, the EPA (with the Army Corps) issued an Advance Notice of Proposed Rulemaking on the Clean Water Act Regulatory Definition of "Waters of the United States," seeking comment on whether and how 40 C.F.R. § 230.3 should be amended to account for the Supreme Court's decision. *See* 68 Fed. Reg. 1991 (Jan. 15, 2003).

18. The EPA did not follow through with rulemaking.

19. In 2006, the Supreme Court held in a split decision that the CWA does not provide the EPA with jurisdiction over certain wetlands that are connected to nonnavigable tributaries of traditional navigable waters. *See Rapanos v. United States*, 547 U.S. 715 (2006).

20. Subsequently, the Ninth Circuit held that the controlling jurisdictional test in *Rapanos* is found in the concurring opinion of Justice Kennedy, and that the controlling standard for CWA jurisdiction is the Kennedy opinion's "significant nexus" test. *N. Cal. River Watch v. City of Healdsburg*, 496 F.3d 993 (9th Cir. 2007).

21. A significant nexus exists between wetlands and a navigable water "if the wetlands, either alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of other covered waters more readily understood as 'navigable.'" *Rapanos*, 547 U.S. at 780 (Kennedy, J., concurring in the judgment). "When, in contrast, wetlands' effects on water quality are speculative or insubstantial, they fall outside the zone fairly encompassed by the statutory term 'navigable waters.'" *Id.*

22. The EPA's method for identifying wetlands is governed by the 1987 *Federal Manual for Identifying and Delineating Jurisdictional Wetlands*. The Manual interprets the EPA's regulations defining "waters of the United States," 40 C.F.R. § 230.3(s).

## FACTUAL ALLEGATIONS

23. Plaintiffs own a .63-acre dirt lot parcel located at 1604 Kalispell Bay Road, in Bonner County, Idaho. The property is presently undeveloped. The property is bounded to the north by Kalispell Bay Road, to the east and west by undeveloped lots, and to the south by Old Schneider Road.

24. The property lies to the north of Priest Lake. A ditch runs along the north side of Kalispell Bay Road. Water in that ditch flows westward until discharging in Kalispell Creek, which is approximately 500 feet west of the property. There is no ditch on the south side of Kalispell Road. Between the property and Priest Lake are several developed lots with numerous permanent structures.

25. There is no surface water connection between the property and Kalispell Creek. Further, there is no surface water connection between the property and Priest Lake.

26. The property does not, either by itself or in combination with similarly situated properties in the area, substantially affect the physical, chemical, and biological integrity of Kalispell Creek, Priest Lake, or any other water body.

27. On November 26, 2007, Defendants issued a compliance order to Plaintiffs, determining that the property is subject to the CWA, and that Plaintiffs had illegally placed one half acre of fill material on the property. *See* Attachment A. The order determined that the property is a wetland under the 1987 Manual, and that the property is adjacent to Priest Lake. The order mandated that the fill material be removed by April 15, 2008, and that the property be replanted by April 30, 2008. Further, the order required that the site be fenced off for three growing seasons. Lastly, the order stated that failure to comply with the order may subject Plaintiffs to civil penalties of up to $32,500 per day and administrative penalties of up to $11,000 per each continuing violation. Therefore, the order constitutes final agency action.

28. On April 1, 2008, Plaintiffs' counsel responded to the compliance order. *See* Attachment B. In that response, Plaintiffs stated that the property is not a wetland under the 1987 Manual, and that the property is not subject to CWA jurisdiction under *Rapanos*. Further, Plaintiffs' response demanded that Defendants provide Plaintiffs an opportunity to be heard and to contest Defendants' determinations, or else treat the compliance order as unenforceable and without legal effect.

29. On April 4, 2008, Defendants, through a letter to Plaintiffs, extended the compliance order's deadlines, requiring that dredge and fill material removal begin by May 1, 2008, with replanting to be completed by May 30, 2008. *See* Attachment C.

30. On April 11, 2008, Defendants, through a letter to Plaintiffs' counsel, acknowledged receipt of Plaintiffs' April 1 letter of contest and reaffirmed, but without further explanation, their position that the property is subject to the CWA. *See* Attachment D.

## INJUNCTIVE RELIEF ALLEGATIONS

31. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as though fully set forth herein.

32. If an injunction does not issue enjoining Defendants from enforcing the compliance order against Plaintiffs, Plaintiffs will be irreparably harmed. Plaintiffs are presently and continuously injured by the compliance order's issuance because its issuance and coincident threat of enforcement will force Plaintiffs either to restore their property essentially to its original condition at great expense, or to subject themselves to severe civil and criminal penalties.

33. Plaintiffs have no plain, speedy, and adequate remedy at law.

34. If not enjoined by this Court, Defendants will continue to threaten to, and actually, enforce the compliance order in derogation of Plaintiffs' rights.

35. Defendants' compliance order is a final agency action subject to judicial review. *See* 5 U.S.C. § 702.

36. Accordingly, injunctive relief is appropriate.

## DECLARATORY RELIEF ALLEGATIONS

37. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 36 as though fully set forth herein.

38. An actual and substantial controversy exists between Plaintiffs and Defendants over Defendants' failure to comply with the CWA, the APA, and the Constitution in determining that Plaintiffs' property is subject to the CWA and that Plaintiffs can be held liable for violation of the compliance order, or the alleged underlying violation, without proof of a violation or an opportunity to be heard.

39. Defendants' compliance order is a final agency action subject to judicial review. *See* 5 U.S.C. § 702.

40. This case is presently justiciable because Defendants' failure to comply with these laws is the direct result of final agency action that has caused and will continue to cause immediate

and concrete injury to Plaintiffs. Plaintiffs are presently and continuously injured by the compliance order's issuance because its issuance and coincident threat of enforcement will force Plaintiffs to restore their property to its original condition at great expense, or to subject themselves to severe civil and criminal penalties.

41. Declaratory relief is, therefore, appropriate to resolve this controversy.

## FIRST CLAIM FOR RELIEF

### (Statutory Violation)

42. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiffs' property is not subject to the CWA under the controlling *Rapanos* decision because Plaintiffs' property (1) does not substantially affect, either by itself or in combination within similar properties in the area, the physical, chemical, and biological integrity of any traditional navigable water, and (2) is not connected to any other body of water such that one cannot discern where that body of water ends and the property begins.

44. Defendants' determination that Plaintiffs' property is subject to the CWA is, therefore, arbitrary and capricious, and contrary to law. *See* 5 U.S.C. § 706(2).

## SECOND CLAIM FOR RELIEF

### (Constitutional Violation)

45. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 44 as though fully set forth herein.

46. Defendants' issuance of a compliance order threatening imminent imposition of civil and criminal penalties without first providing Plaintiffs an opportunity to be heard violates Plaintiffs' procedural due process rights. *See* U.S. Const. amend. V.

47. The compliance order is therefore null and void, and without legal effect.

## THIRD CLAIM FOR RELIEF

### (Constitutional Violation)

48. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 47 as though fully set forth herein.

49. Section 309(a)(1) of the CWA authorizes issuance, "on the basis of any information available," *see* 33 U.S.C. § 1319(a)(1), of a compliance order whose violation incurs significant civil penalties. Defendants have issued a compliance order against Plaintiffs pursuant to Section 309(a)(1). Defendants have thereby violated Plaintiffs' substantive due process rights, because the standard for issuance of a compliance order is impermissibly vague and does not afford an adequate basis for judicial review. *See* U.S. Const. amend. V.

50. Section 309(a)(1) of the CWA is therefore unconstitutional as applied to Plaintiffs, and is null and void.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

1. A declaration that Plaintiffs' property is not subject to the CWA.

2. A declaration that Defendants' compliance order is constitutionally invalid and not enforceable.

3. A declaration that Section 309(a)(1) of the CWA, authorizing issuance of compliance orders "on the basis of any information available," is unconstitutional and void for vagueness, as applied to Plaintiffs.

4. An injunction enjoining Defendants from taking any enforcement action, or imposing any penalty, against Plaintiffs.

5. For an award of attorneys' fees, expenses, and costs; and,

6.	For such other relief as the Court deems just and proper.

DATED:  April 28, 2008.

        Respectfully submitted,

        LESLIE R. WEATHERHEAD
        Witherspoon Kelley Davenport & Toole

        M. REED HOPPER
        DAMIEN M. SCHIFF
        Pacific Legal Foundation


        By   /s/ Leslie R. Weatherhead
            LESLIE R. WEATHERHEAD
            Idaho Bar No. 3916
            Telephone:  (509) 624-5265

        Attorneys for Plaintiffs