# Attachment A



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION 10**
1200 Sixth Avenue
Seattle, WA 98101

NOV 2 6 2007

RECEIVED
DEC 0 4 2007
WITHERSPOON, KELLEY,
DAVENPORT & TOOLE

Reply to
Attn Of: ETPA-083

**SENT VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Chantell and Michael Sackett
P.O. Box 425
Nordman, ID 83848-0368

Re:   *In the Matter of Chantell and Michael Sackett*
      **Administrative Compliance Order, EPA Docket No. CWA-10-2008-0014**

Dear Mr. and Mrs. Sackett:

   Enclosed is an administrative compliance order ("Compliance Order") issued to you pursuant to Sections 308 and 309(a) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1318 and 1319(a). The U.S. Environmental Protection Agency ("EPA") is issuing this order in connection with the unauthorized placement of fill material into wetlands at your property located at 1604 Kalispell Bay Road near Kalispell Creek, Bonner County, Idaho ("Site"). The Compliance Order requires you to perform specified restoration activities and provide certain specified information. It incorporates a Scope of Work for a Restoration Work Plan that includes specific elements for removal of the unauthorized fill, restoration of the site, time frames, and monitoring.

   Please note that successful completion of the work required by the enclosed Compliance Order does not preclude EPA from bringing a formal enforcement action for penalties or further injunctive relief to address the CWA violations associated with your property located at the Site. Please also be aware that failure to comply with the Compliance Order may subject you to civil penalties of up to $32,500 per day for each violation, administrative penalties of up to $11,000 per day for each day during which the violation continues or a civil action in Federal court for injunctive relief, pursuant to Section 309 of the CWA, 33 U.S.C. §1319.

   Please review the enclosed Compliance Order and Scope of Work, and contact Mr. John Olson at (208) 378-5756, if you have any technical questions concerning this order. If you have any legal questions concerning the order, then please contact Ankur Tohan, Assistant Regional Counsel, at (206) 553-1796, or ask your attorney to contact Mr. Tohan, if you are represented by counsel.

Sincerely,

Michelle Pirzadeh, Director
Office of Ecosystems, Tribal and Public Affairs

cc:   Greg Taylor, ID Dept. of Water Resources
      Beth Reinhart, U.S. Army Corps of Engineers


Printed on Recycled Paper

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 10
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| CHANTELL AND ) | |
| MICHAEL SACKETT ) | DOCKET NO. CWA-10-2008-0014 |
| ) | |
| Bonner County, Idaho ) | COMPLIANCE ORDER |
| ) | |
| ) | |
| Respondents.  ) | |
| ) | |
| ) | |

The following FINDINGS AND CONCLUSIONS are made and ORDER issued pursuant to the authority vested in the Administrator of the United States Environmental Protection Agency ("EPA") by sections 308 and 309(a) of the Clean Water Act ("the Act"), 33 U.S.C. §§ 1318 and 1319(a). This authority has been delegated to the Regional Administrator, Region 10, and has been duly redelegated to the undersigned Director of the Office of Ecosystems, Tribal and Public Affairs.

COMPLIANCE ORDER - 1
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington  98101
(206) 553-1796

## I. FINDINGS AND CONCLUSIONS

1.1     Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into waters of the United States by any person, except as authorized by a permit issued pursuant to section 402 or 404 of the Act, 33 U.S.C. §§ 1342 or 1344. The unpermitted discharge of any pollutant from a point source constitutes a violation of section 301(a) of the Act, 33 U.S.C. § 1311(a). Section 502(12), 33 U.S.C. § 1362(12), defines the term "discharge of any pollutant" to include "any addition of any pollutant to navigable waters from any point source." "Navigable waters" are defined as "waters of the United States." 33 U.S.C. § 1362(7).

1.2     Respondents Chantell and Michael Sackett (hereinafter collectively "Respondents") are "persons" within the meaning of Sections 301(a) and 502(5) of the Act, 33 U.S.C. §§ 1311(a) and 1362(5).

1.3     Respondents own, possess, or control real property identified as 1604 Kalispell Bay Road near Kalispell Creek, Bonner County, Idaho; and located within Section 12, Township 60 North, Range 5 West, Boise Meridian ("Site"). The Site is adjacent to Priest Lake, and bounded by Kalispell Bay Road on the north and Old Schneider Road on the south.

1.4     The Site contains wetlands within the meaning of 33 C.F.R. § 328.4(8)(b); the wetlands meet the criteria for jurisdictional wetlands in the 1987 "Federal Manual for Identifying and Delineating Jurisdictional Wetlands."

1.5     The Site's wetlands are adjacent to Priest Lake within the meaning of 33 C.F.R. § 328.4(8)(c). Priest Lake is a "navigable water" within the meaning of section 502(7) of the Act, 33 U.S.C. § 1362(7), and "waters of the United States" within the meaning of 40 C.F.R. § 232.2.

COMPLIANCE ORDER - 2
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1796

1.6     In April and May, 2007, at times more fully known to Respondents, Respondents and/or persons acting on their behalf discharged fill material into wetlands at the Site. Respondents filled approximately one half acre.

1.7     Upon information and belief, Respondents and/or persons acting on their behalf used heavy equipment to place the fill material into the wetlands. The heavy equipment used to fill these waters is a "point source" within the meaning of section 502(14) of the Act, 33 U.S.C. § 1362(14).

1.8     The fill material that Respondents and/or persons acting on their behalf caused to be discharged included, among other things, dirt and rock, each of which constitutes a "pollutant" within the meaning of section 502(6) of the Act, 33 U.S.C. § 1362(6).

1.9     By causing such fill material to enter waters of the United States, Respondents have engaged, and are continuing to engage, in the "discharge of pollutants" from a point source within the meaning of sections 301 and 502(12) of the Act, 33 U.S.C. §§ 1311 and 1362(12).

1.10    Respondents' discharges of dredged and/or fill material was not authorized by any permit issued pursuant to section 402 or 404 of the Act, 33 U.S.C. §§ 1312 or 1314.

1.11    Respondents discharge of pollutants into waters of the United States at the Site without a permit constitutes a violation of section 301 of the Act, 33 U.S.C. § 1311.

1.12    As of the effective date of this Order, the fill material referenced in Paragraph 1.6 above remains in place.

1.13    Each day the fill material remains in place without the required permit constitutes an additional day of violation of Section 301(a) of the Act, 33 U.S.C. § 1311(a).

COMPLIANCE ORDER - 3
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1796

1.14   Taking into account the seriousness of this violation and Respondents' good faith efforts to comply with applicable requirements, the schedule for compliance contained in the following Order is reasonable and appropriate.

## II. ORDER

Based upon the foregoing FINDINGS AND CONCLUSIONS and pursuant to sections 308 and 309(a) of the Clean Water Act, 33 U.S.C. §§ 1318 and 1319(a), it is hereby ORDERED as follows:

2.1   Respondents shall immediately undertake activities to restore the Site in accordance with the Restoration Work Plan, as detailed in the "Scope of Work." Attachment 1.

2.2   Fill shall be removed and wetland soil returned no later than **April 15, 2008**.

2.3   At least 48 hours prior to commencing removal activity on the Site, Respondents shall provide verbal notification to the EPA representative identified in Paragraph 2.12 below.

2.4   Within 3 days of completion of the earthmoving work, Respondents shall notify, in writing, the EPA representative identified in Paragraph 2.12 below. The written notification shall include photographs of Site conditions prior to and following earthmoving activities.

2.5   Upon receipt of the notification referenced under Paragraph 2.4 above, EPA will schedule as promptly as possible an inspection of Site by EPA or its designated representative.

2.6   Respondents shall complete re-planting the Site by **April 30, 2008**.

COMPLIANCE ORDER - 4
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1796

2.7   Respondents shall provide and/or obtain access to the Site and any off-Site areas to which access is necessary to implement this Order; and shall provide access to all records and documentation related to the conditions at the Site and the restoration activities conducted pursuant to this Order. Such access shall be provided to EPA employees and/or their designated representatives, who shall be permitted to move freely at the site and appropriate off-site areas in order to conduct actions that EPA determines to be necessary.

2.8   Within 7 days of completion of re-planting work, Respondents shall notify, in writing, the EPA representative identified in Paragraph 2.12 below. The written notification shall include photographs of Site conditions prior to and following re-planting.

2.9   Upon receipt of the notification referenced under Paragraph 2.8 above, EPA will schedule as promptly as possible with Respondents an inspection of Site by EPA or its designated representative.

2.10   Failure to timely and appropriately implement to EPA's satisfaction any removal activities or conditions specified above or under the Restoration Work Plan shall be deemed a violation of this Order.

2.11   EPA encourages Respondents to engage in informal discussion of the terms and requirements of this Order upon receipt. Such discussions should address any allegations herein which Respondents believe to be inaccurate or requirements which may not be attainable and the reasons why. Alternative methods to attain the objectives of this Order may be proposed. If acceptable to EPA, such proposals may be incorporated into amendments to this Order at EPA's discretion.

///

COMPLIANCE ORDER - 5
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1796

2.12   All submissions and notifications required by this Order shall be sent to:

> John Olson
> U.S. EPA, Idaho Operations Office
> 1435 North Orchard Street
> Boise, ID 83706
> Phone: (208) 378-5756
> Fax: (208) 378-5744.

2.13   Prior to the completion of the terms of this Order, including the attached Scope of Work, Respondents shall provide any successor in ownership, control, operation, or any other interest in all or part of the Site, a copy of this Order at least 30 days prior to the transfer of such interest. In addition, Respondents shall simultaneously notify the EPA representative identified in Paragraph 2.12 in writing that the notice required in this Section was given. No real estate transfer or real estate contract shall in any way affect Respondent's obligation to comply fully with the terms of this Order.

2.14   This Order shall become effective on the date it is signed.

///

///

///

COMPLIANCE ORDER - 6
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1796

## III. SANCTIONS

3.1   Notice is hereby given that violation of, or failure to comply with, the foregoing Order may subject Respondents to (1) civil penalties of up to $32,500 per day of violation pursuant to section 309(d) of the Act, 33 U.S.C. § 1319(d), and 40 C.F.R. Part 19; (2) administrative penalties of up to $11,000 per day for each violation, pursuant to section 309(g) of the Act, 33 U.S.C. § 1319(g), and 40 C.F.R. Part 19; or (3) civil action in federal court for injunctive relief, pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b).

3.2   Nothing in this Order shall be construed to relieve Respondents of any applicable requirements of federal, state, or local law. EPA reserves the right to take enforcement action as authorized by law for any violation of this Order, and for any future or past violation of any permit issued pursuant to the Act or of any other applicable legal requirements, including, but not limited to, the violations identified in Part I of this Order.

Dated this 26th day of November, 2007

*[signature]*
MICHELLE PIRZADEH, Director
Office of Ecosystems, Tribal and Public Affairs

COMPLIANCE ORDER - 7
DOCKET NO. CWA-10-2008-0014

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1796

Attachment 1

## SCOPE OF WORK
### RESTORATION WORK PLAN
1604 Kalispell Bay Road near Kalispell Creek, Bonner County, Idaho
Section 12, Township 60 North, Range 5 West, Boise Meridian

Chantell and Michael Sackett ("Respondents")
P.O. Box 425
Nordman, ID 83848-0368

EPA Docket No. CWA-10-2008-0014

I.   **Introduction**

In order to restore the area impacted by the unauthorized discharge of fill material into waters of the United States, Respondents shall remove all unauthorized fill material placed within wetlands located at Section 12, Township 60 North, Range 5 West, Boise Meridian ("Site"). To the maximum extent practicable, the Site shall be restored to its original, pre-project topographic and vegetative condition. The original vegetative condition at the Site was mature palustrine scrub-shrub wetland with a high diversity of native plants. Acceptable reference conditions exist on the adjacent wetland.

To this end, Respondents and/or their agent(s) shall implement this Restoration Work Plan, as referenced in Section II of the Compliance Order ("Order").

II.  **Restoration activities**

1.  Remove all unauthorized fill at the Site (after providing verbal notification to the EPA representative identified in Paragraph 2.12 of the Order, at least 48 hours in advance of fill removal activity). Fill removal shall be accomplished from the fill area and no work shall take place with equipment in the adjacent wetland. Removed fill shall be disposed of in an approved upland site.

2.  Return all wetland soil that was previously removed from the Site. Level the soil to the pre-project elevations on the Site.

3.  Notify (in writing) the EPA representative identified in Paragraph 2.12 of the Order within 3 days of completion of the earthmoving work. The written notification shall include photographs of Site conditions prior to and following earthmoving activities.

4.  Fill shall be removed and wetland soil returned no later than **April 15, 2008** (see schedule below). After removal, and prior to planting, Respondents shall notify the EPA representative identified in Paragraph 2.12 of the Order so that an inspection of the site can be conducted to determine if fill removal and soil placement has been successful.

1

Attachment 1

5. The entire Site shall be planted with container stock of native scrub-shrub, broad-leaved deciduous wetland plants and seeded with native herbaceous wetland plants. Plantings shall include the species which were removed from the Site. Trees and tall shrub species shall be planted approximately 10 feet apart on center over the entire Site. Fast growing, native perennial woody species common to wetland areas of northern Idaho shall be incorporated into the plantings. Acceptable species include: red-osier dogwood (*Cornus stolonifera*), Douglas hawthorne (*Crataegus douglasii*), white alder (*Alnus incana*), paper birch (*Betula papyrifera*), larch (*Larix occidentalis*) and western red cedar (*Thuja plicata*). Low shrub species shall be planted approximately 18–24 inches apart on center over the entire site. Acceptable species include Douglas' spirea (*Spiraea douglasii*) and Wood's rose (*Rosa woodsii*). The entire site shall be seeded with an herbaceous seed mix of acceptable species: *Carex interior* (Inland sedge), *Carex rostrata* (Beaked sedge), *Carex aquatilis* (Water sedge), *Juncus balticus* (Baltic rush), *Pentaphylloides floribunda* (shrubby cinquefoil), *Deschampsia caespitosa* (tufted hairgrass), and *Phleum pratense* (common timothy).

6. The seed mix and container stock shall be obtained from a local or regional source, and shall consist of appropriately-sized container stock to ensure success of the restoration (e.g., 10 cubic inch containers or larger for woody and herbaceous species).

7. Seeding and planting shall be completed no later than **April 30, 2008**. Within 7 days of completion of re-planting work, Respondents shall notify, in writing, the EPA representative identified in Paragraph 2.12 in the Order. The written notification shall include photographs of Site conditions prior to and following re-planting.

8. The Site shall be fenced for the first three growing seasons.

9. The following conditions shall be followed during restoration of the area to ensure violations of the state water quality standards do not occur:

    - Removal of fill and planting will be conducted in such a manner so as to minimize turbidity and comply with <u>Idaho Water Quality Standards and Wastewater Treatment Requirements</u>.

    - All fuel, oil and other hazardous materials will be stored and equipment refueled away from the wetland.

    - All areas subject to erosion as a result of fill removal and planting will be protected by suitable methods of erosion control. These measures shall include but not be limited to applying mulch to all exposed soils.

    - The use of fertilizers, pesticides, and herbicides will be consistent with label

2

Attachment 1

instructions.

### III. Monitoring activities

1. Monitoring of vegetation on the restored Site for survival and ground coverage shall be performed in October 2008, June 2009, October 2009, and October 2010.

2. Successful restoration shall require 75% of groundcover established under native wetland species. Any replanted woody and herbaceous plants that are included in the 75% criterion must have survived at least two complete growing seasons. Flexibility of the performance standard may be allowed based on the best professional judgment of U.S. EPA personnel's evaluation of current site conditions, and a demonstration of good faith efforts by Respondents to maintain the health and condition of the restored wetland within that three-year period.

3. A monitoring report shall be prepared and submitted to EPA within 30 days of each prescribed monitoring event. The report shall include photographic evidence as well as monitoring results. All photographs must be labeled with the date, location, and point of reference (e.g., facing north and looking at southern edge of Site). In addition, the monitoring report shall identify any problems discovered and recommend appropriate corrective action(s) to ensure the success of restoration. If monitoring reports show that vegetation survival is not adequate to meet the success criteria, Respondents shall provide EPA a plan to achieve restoration at the Site. EPA may require modifications to the plan prior to its approval and implementation.

### IV. Inspection activities

1. The property owner shall notify, and allow for inspections by, EPA personnel or their designated agent after completion of fill removal activities, after completion of planting activities, whenever any corrective action(s) are proposed, and after monitoring indicates that the criteria for success have been attained.

Attachment 1

## VI. SCHEDULE

1.  The Restoration Plan shall be designed to accomplish restoration in accordance with the following schedule:

| Action | Commencement No Later Than | Completion No Later Than |
|---|---|---|
| Fill shall be removed and wetland soil returned | April 1, 2008 | April 15, 2008[1] |
| EPA or its representative conducts an inspection of Site | As soon as possible after notification | Prior to planting |
| Re-Planting of the entire Site | April 15, 2008 | April 30, 2008[2] |
| Monitoring of the entire Site | October 1, 2008 | October 31, 2008 |
| Monitoring of the entire Site | June 1, 2009 | June 31, 2009 |
| Monitoring of the entire Site | October 1, 2009 | October 31, 2009 |
| Monitoring of the entire Site | October 1, 2010 | October 31, 2010 |

---

1. At least 48 hours prior to commencing removal activity on the Site, Respondents shall provide verbal notification to the EPA representative identified in Paragraph 2.12 of the Order. Within 3 days of completion of the earthmoving work, Respondents shall notify, in writing, the EPA representative identified in Paragraph 2.12 of the Order. The written notification shall include photographs of Site conditions prior to and following earthmoving activities.

2. Within 7 days of completion of re-planting work, Respondents shall notify, in writing, the EPA representative identified in Paragraph 2.12 of the Order. The written notification shall include photographs of Site conditions prior to and following re-planting.

4