

USCA DOCKET # (IF KNOWN)

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | DISTRICT: Idaho | JUDGE: Edward J. Lodge |
|---|---|---|
| CHANTELL and MICHAEL SACKETT, v. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency | DISTRICT COURT NUMBER: 08-cv-185-N-EJL | |
| | DATE NOTICE OF APPEAL FILED: October 16, 2008 | IS THIS A CROSS APPEAL? ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): | |

**BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:**

Challenge to a Clean Water Act compliance order under the Administrative Procedure Act, 5 U.S.C. section 551, et seq., and the Due Process Clause, U.S. Const. amend. V. Action dismissed for lack of jurisdiction.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**

Whether district court has jurisdiction over Due Process and Administrative Procedure Act challenges to a Clean Water Act compliance order.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

N/A

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**
☐ Possibility of Settlement
☐ Likelihood that intervening precedent will control outcome of appeal
☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify)

☐ Any other information relevant to the inclusion of this case in the Mediation Program

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

## LOWER COURT INFORMATION

### JURISDICTION

**FEDERAL**
- [x] FEDERAL QUESTION
- [ ] DIVERSITY
- [ ] OTHER (SPECIFY):

**APPELLATE**
- [x] FINAL DECISION OF DISTRICT COURT
- [ ] INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT
- [ ] INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):
- [ ] OTHER (SPECIFY):

### DISTRICT COURT DISPOSITION

**TYPE OF JUDGMENT/ORDER APPEALED**
- [ ] DEFAULT JUDGMENT
- [x] DISMISSAL/JURISDICTION
- [ ] DISMISSAL/MERITS
- [ ] SUMMARY JUDGMENT
- [ ] JUDGMENT/COURT DECISION
- [ ] JUDGMENT/JURY VERDICT
- [ ] DECLARATORY JUDGMENT
- [ ] JUDGMENT AS A MATTER OF LAW
- [ ] OTHER (SPECIFY):

**RELIEF**
- [ ] DAMAGES:
  SOUGHT $
  AWARDED $
- [x] INJUNCTIONS:
  - [ ] PRELIMINARY
  - [x] PERMANENT
  - [ ] GRANTED
  - [x] DENIED
- [ ] ATTORNEY FEES:
  SOUGHT $
  AWARDED $
- [ ] PENDING
- [ ] COSTS: $

## CERTIFICATION OF COUNSEL

I CERTIFY THAT:

1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

Signature: [signed]   Date: 10/16/08

## COUNSEL WHO COMPLETED THIS FORM

| NAME | Damien M. Schiff |
|---|---|
| FIRM | Pacific Legal Foundation |
| ADDRESS | 3900 Lennane Drive, Suite 200 |
| CITY | Sacramento |
| STATE | California |
| ZIP CODE | 95834 |
| E-MAIL | dms@pacificlegal.org |
| TELEPHONE | (916) 419-7111 |
| FAX | (916) 419-7747 |

**\*\*THIS DOCUMENT SHOULD BE FILED IN DISTRICT COURT WITH THE NOTICE OF APPEAL.\*\***
**\*\*IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS.\*\***

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION

| | | |
|---|---|---|
| CHANTELL and MICHAEL SACKETT, | ) | Case No. 08-cv-185-N-EJL |
| Plaintiffs, | ) ) ) | **JUDGMENT** |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and STEPHEN L. JOHNSON, in his official capacity as Administrator of the Environmental Protection Agency, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Based upon this Court's Memorandum Order, entered herewith, and being fully advised in the premises;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiffs take nothing from the Defendants and this matter is **DISMISSED IN ITS ENTIRETY**.

DATED: **August 7, 2008**

Honorable Edward J. Lodge
U. S. District Judge

JUDGMENT - 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION

| | |
|---|---|
| CHANTELL and MICHAEL SACKETT,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY; and STEPHEN L.<br>JOHNSON, in his official capacity as Administrator<br>of the Environmental Protection Agency,<br><br>    Defendants. | Case No. 08-cv-185-N-EJL<br><br>**MEMORANDUM ORDER** |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant United States Environmental Protection Agency ("EPA") moves to dismiss this action for lack of subject matter jurisdiction. Plaintiffs Chantell and Michael Sackett oppose the motion. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Background

Plaintiffs own a parcel of undeveloped property located at 1604 Kalispell Bay Road, near Kalispell Creek, in Bonner County, Idaho. On November 26, 2007, EPA issued to

MEMORANDUM ORDER - 1

Plaintiffs an Administrative Compliance Order ("Compliance Order")[1] pursuant to sections 308 and 309(a) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. §§ 1318 and 1319(a). The Compliance Order charged that Plaintiffs, or persons acting on their behalf, had violated section 301 of the CWA, 33 U.S.C § 1311, by discharging fill material into regulated waters without first obtaining a permit. The Compliance Order required Plaintiffs to remove the fill material and restore the wetlands, and set forth a schedule for the removal of the fill material and replanting of the disturbed area.

The Compliance Order was revised by the EPA on April 4, 2008 and again on May 1, 2008, to amend the compliance schedule. Each Compliance Order encouraged Plaintiffs "to engage in informal discussion of the terms and requirements of this Order upon receipt," and indicated that the Compliance Order could be amended to provide for alternative methods of achieving compliance with the CWA. Each Compliance Order also warned that "failure to comply with, the foregoing Order may subject Respondents to (1) civil penalties of up to $32,500 per day of violation pursuant to section 309(d) of the Act, 33 U.S.C. § 1319(d), and 40 C.F.R. Part 19; (2) administrative penalties of up to $11,000 per day for each violation, pursuant to section 309(g) of the Act, 33 U.S.C. § 1319(g), and 40 C.F.R. Part 19; or (3) civil action in federal court for injunctive relief, pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b)."

On April 28, 2008, Plaintiffs initiated the present action, alleging that the property is not subject to CWA jurisdiction and that the Compliance Order is a violation of Plaintiffs' due process rights. EPA, in turn, moved to dismiss the Plaintiffs' Complaint, contending that the Court lacks subject matter jurisdiction over the Plaintiffs' claims.

---

[1] "A compliance order is a document served on the violator, setting forth the nature of the violation and specifying a time for compliance with the Act." S. Pines Ass'n v. United States, 912 F.2d 713, 715 (4th Cir. 1990) (citing 33 U.S.C. § 1319(a)(5)(A)).

MEMORANDUM ORDER - 2

## Statutory Framework

Congress delegated the authority for enforcement of CWA jointly to both the EPA and the Corps of Engineers, and gave both agencies a range of enforcement tools. Relevant here, the EPA can issue administrative compliance orders or bring civil enforcement actions in federal court. "The violator is subject to the same injunction and penalties whether or not EPA has issued a compliance order." S. Pines Ass'n v. United States, 912 F.2d 713, 715-16 (4th Cir. 1990). However, violation of an administrative compliance order will not result in an injunction or penalties until EPA brings an enforcement proceeding in federal district court pursuant to section 309(b) of the CWA, 33 U.S.C. § 1319(b). Id. at 717. In any such judicial proceeding, the alleged violator may raise all defenses, including any challenges to the EPA's assertion of jurisdiction over the activity at issue. Id.

## Discussion

The United States, as a sovereign, may not be sued in federal court without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). The "party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).

The Plaintiffs have failed to carry their burden on this issue. Plaintiffs first argue that the Court has subject matter jurisdiction over Plaintiffs' Complaint because Plaintiffs seek declaratory and injunctive relief to prevent an imminent due process injury. According to Plaintiffs "[i]t is well established that the district courts have jurisdiction to entertain such claims." (Pls.' Opp'n at 2 (citing one district court case, from the District of Columbia)).

Plaintiffs' assertion, however, is incorrect. To the contrary, "[i]t is well-settled that 28 U.S.C. § 1331, granting district courts jurisdiction over cases arising under the

MEMORANDUM ORDER - 3

Constitution, is not a waiver of sovereign immunity." Humphreys v. United States, 62 F.3d 667, 673 (5th Cir. 1995). And it is similarly "settled that [the Declaratory Judgment Act,] 28 U.S.C. § 2201, does not itself confer jurisdiction on a federal court where none otherwise exists." Amalgamated Sugar Co. v. Bergland, 664 F.2d 818, 822 (10th Cir.1981). Therefore, the mere fact that Plaintiffs allege a constitutional violation and ask for declaratory and injunctive relief does not satisfy their burden of establishing an unequivocal waiver of sovereign immunity.

The Plaintiffs next assert that "[j]urisdiction is also proper under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, et seq., because the Compliance Order constitutes 'final agency action.'" (Pls.' Opp'n at 1). In support of this theory, Plaintiffs rely upon a Clean Air Act case from the Eleventh Circuit, Tennessee Valley Authority ("TVA") v. Whitman, 336 F.3d 1236 (11th Cir. 2003), and argue that TVA "applies analogously to support Plaintiffs' contention that issuance of CWA compliance orders without affording the regulated party an opportunity to contest the basis of the order is unconstitutional." (Pls.' Opp'n at 4).

There is no need, however, for the Court to resolve the matter before it by applying Eleventh Circuit case law interpreting the Clean Air Act.[2] That is because there are numerous Circuit Court opinions addressing the very same situation presented here, with all of them finding that a district court lacks jurisdiction to review a pre-enforcement compliance order issued under the CWA. In all these opinions, the courts held that, based on their

---

[2] Furthermore, Plaintiffs neglect to mention that in TVA the Eleventh Circuit's actual conclusion was that "we lack jurisdiction to review the ACO [administrative compliance order] because it does not constitute 'final' agency action." 226 F.3d at 1239. So that even if the Court believed it appropriate to extend TVA's analysis of the Clean Air Act to the CWA, which it does not, it would result in the very same outcome as here: dismissal of the Plaintiffs' action for lack jurisdiction. Id. at 1260 (ruling that "ACOs lack finality . . . [and] we thus conclude that courts of appeals lack jurisdiction to review the validity of ACOs."). Plaintiffs also cite Alaska Dep't of Envtl. Conservation v. EPA, 244 F.3d 748, 750 (9th Cir. 2001), which like TVA is a Clean Air Act case and therefore is equally inapposite.

MEMORANDUM ORDER - 4

interpretation of the legislative history and structure of the CWA, Congress intended to preclude judicial review of compliance orders prior to the initiation of a civil action. Laguna Gatuna, Inc. v. Browner, 58 F.3d 564, 565-66 (10th Cir.1995) (holding that CWA did not provide for judicial review of EPA compliance order); Southern Ohio Coal Co. v. Office of Surface Mining, 20 F.3d 1418, 1426-27 (6th Cir.1994) (same); Reuth v. EPA, 13 F.3d 227, 229-30 (7th Cir. 1993) (holding that challenge to government's right to assert jurisdiction over wetlands in proposed development could not be brought unless government initiates judicial enforcement action); Southern Pines Assocs. v. United States, 912 F.2d 713 (4th Cir.1990) (holding that review of compliance orders issued under CWA were precluded until judicial enforcement action commenced); Hoffman Group Inc. v. EPA, 902 F.2d 567 (7th Cir.1990) (same).

Moreover, it appears that every published district court decision on this same issue, including one issued within the last two months, also has concluded that there is no jurisdiction over a administrative compliance order issued under the CWA. See e.g., Acquest Wehrle LLC v. United States, ___ F. Supp. 2d ___, 2008, 2008 WL 2522386 at *7 (W.D. N.Y. June 20, 2008); see also Def.'s Mem at 13-14 (listing over ten district court cases). The Court finds these opinions to be well reasoned and consistent with the law. Accordingly, the Court will follow the same in finding that the Court lacks jurisdiction to review the Compliance Order and granting EPA's Motion to Dismiss for lack of subject matter jurisdiction.

## ORDER

Based on the foregoing, the Court being fully advised in the premises it is **HEREBY ORDERED** that the United States' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction (docket no. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.

DATED: **August 7, 2008**

Honorable Edward J. Lodge
U. S. District Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION

| | |
|---|---|
| CHANTELL and MICHAEL SACKETT,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY; and STEPHEN L.<br>JOHNSON, in his official capacity as Administrator<br>of the Environmental Protection Agency,<br><br>    Defendants. | Case No. 08-cv-185-N-EJL<br><br>**ORDER** |

Pursuant to Federal Rules of Civil Procedure 60(a) and 59(e), Plaintiffs Chantell and Michael Sackett have filed a Motion for Clarification and for Reconsideration asking the Court to clarify and reconsider its decision of August 7, 2008 (the "Order"), wherein the Court granted Defendant EPA's Motion to Dismiss For Lack of Subject Matter Jurisdiction. The motion is ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

Rule 60(a) permits a court "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Pursuant to this authority, Plaintiffs seek clarification of the Order's treatment of the Eleventh Circuit case, <u>Tennessee Valley Authority ("TVA") v. Whitman,</u> 336 F.3d 1236

ORDER - 1

(11th Cir. 2003). According to Plaintiffs, the Order is ambiguous as to whether or not the Court adopted and applied the reasoning set forth by the Eleventh Circuit in the TVA opinion.

It is hard to imagine in what manner the Court could more clearly state in the Order its determination to reject Plaintiffs' request that it accept the reasoning of TVA. In the body of the Order the Court expressly states that "[t]here is no need . . . for the Court to resolve the matter before it by applying Eleventh Circuit case law [TVA] interpreting the Clean Air Act." (Order at 4). The Court then went on to formally adopt instead the holding of those courts that interpreted the Clean Water Act ("CWA") as precluding "judicial review of compliance orders prior to the initiation of a civil action." (Order at 4-5). And in the footnote that Plaintiffs cite as the source of their confusion, the Court expressly states, again, that it did not believe it appropriate to extend TVA's analysis of the Clean Air Act to the CWA. (Order at 4 n.2).

There is no ambiguity; the Court's Order is clear. The Plaintiffs' Motion for Clarification is denied.

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order under Rule 59(e): (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Here, Plaintiffs contend that the Court's Order is based on a manifest error of law. However, in this regard the Plaintiffs merely disagree with the Court's conclusion in

ORDER - 2

analyzing the arguments put forth by the Plaintiffs in opposition to the Defendant EPA's Motion to Dismiss For Lack of Subject Matter Jurisdiction.

Whatever may be the purpose of Rule 59(e) it is not intended to give an unhappy litigant one additional chance to sway the Court. Illinois Central Gulf Railroad Company v. Tabor Grain Company, 488 F. Supp. 110, 122 (N.D. Ill. 1980) (a rehash of the arguments previously presented affords no basis for a revision of the court's order). Where a motion for reconsideration is merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [s]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be denied. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly."). The Plaintiffs' Motion for Reconsideration is denied.

### ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Plaintiffs' Motion for Clarification and for Reconsideration (docket no. 23) is **DENIED**.

DATED: October 9, 2008

Honorable Edward J. Lodge
U. S. District Judge

ORDER - 3

# **Representation Statement**

*Counsel for Appellants Chantell and Michael Sackett:*

LESLIE R. WEATHERHEAD
Witherspoon Kelley Davenport & Toole
422 West Riverside Avenue, Suite1100
Spokane, Washington 99201
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
E-mail: lwlibertas@aol.com

M. REED HOPPER
DAMIEN M. SCHIFF
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
E-mail: mrh@pacificlegal.org
E-mail: dms@pacificlegal.org

*Counsel for Appellees United States Environmental Protection Agency and Stephen L. Johnson:*

Thomas E. Moss
United States Attorney
Nicholas J. Woychick
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV
800 Park Boulevard, Suite 600
Boise, Idaho 83712-9903
Telephone: (208) 334-1211
Facsimile: (208) 334-1414
E-mail: Nick.Woychick@usdoj.gov

Ronald J. Tenpas
Assistant Attorney General
Environment & Natural Resources Division
Cynthia J. Morris
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026
Telephone: (202) 616-7554
Facsimile: (202) 514-8865

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of October, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Leslie R. Weatherhead, Attorney for Plaintiffs
>lwlibertas@aol.com
>
>Nicholas J. Woychick, Attorney for Defendants
>Nick.Woychick@usdoj.gov

>/s/ Damien M. Schiff
>DAMIEN M. SCHIFF
>Attorney for Plaintiffs