UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| MICHAEL and CHANTELL SACKETT, | Case No. 2:08-CV-00185-EJL |
| Plaintiffs, | **MEMORANDUM ORDER** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendant. | |


## INTRODUCTION

Pending before the Court in the above entitled matter are Plaintiffs' Motion to Strike

Administrative Record and Motion to Supplement the Pleading. (Dkt. 70, 88.) Defendants

have filed a Motion to File a Surreply to the Motion to Strike. (Dkt. 85.) The parties have

filed their responsive briefing and the matters are ripe for the Court's consideration. Having

fully reviewed the record herein, the Court finds that the facts and legal arguments are

adequately presented in the briefs and record. Accordingly, in the interest of avoiding further

delay, and because the Court conclusively finds that the decisional process would not be

significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## DISCUSSION

**1)      Motion to Supplement the Pleading**

Plaintiffs filed their initial Complaint in this matter on April 28, 2008 seeking declaratory and injunctive relief under the Clean Water Act (CWA), 33 U.S.C. § 1251, *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 551, *et seq.* Their claims arise as a result of the Defendants' issuance of compliance orders, and amendments to those orders, determining that Plaintiffs' property is subject to the CWA and that Plaintiffs have illegally placed fill material on their property. The compliance orders direct Plaintiffs to remove the fill material and conduct other restoration measures.

The Court previously granted the Defendants' Motion to Dismiss concluding that it lacked subject matter jurisdiction over the claims. (Dkt. 21.) Plaintiffs appealed that decision. (Dkt. 29.) The Ninth Circuit reversed the decision and remanded the case for further proceedings. (Dkt. 48, 49.) Thereafter the case was stayed at the request of the parties so that they could attempt settlement negotiations. (Dkt. 55, 57.) Those negotiations proved to be unsuccessful and the case was reopened and a scheduling order was entered. (Dkt. 61.)

Plaintiffs have filed the Motion to Supplement the Complaint seeking to add new occurrences and/or events to the pleadings reflecting amendments made to the compliance order. (Dkt. 88.) Because these events occurred after they filed their Complaint, Plaintiffs

point out that they were not plead in the Complaint but are related. Therefore, they seek to now supplement their Complaint to reflect these new occurrences pursuant to Rule 15(d). (Dkt. 88.)

Defendants do not object to the supplementation as to the additional facts asserted in paragraphs 31-37 of the proposed supplemental complaint. (Dkt. 90.) These paragraphs, Defendants agree, set forth events that occurred subsequent to the filing of the original Complaint. As to the remainder of the proposed paragraphs, however, Defendants object to their supplementation arguing they do not supplement but, instead, appear to seek to amend the original complaint. Plaintiffs maintain that the material outside of paragraphs 31-37 of the proposed supplemental complaint contain statements of law and/or allegations of fact already found in the original complaint which are both proper. (Dkt. 91.)

Federal Rule of Civil Procedure 15(d) states:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental pleading is used to allege relevant facts which occurred after an operative pleading was filed. *See Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d

1014, 1057 (9th Cir. 1981). To that end, courts "liberally construe Rule 15(d) absent a showing of prejudice to the defendant." *Keith*, 858 F.2d at 475. Whether to allow a supplemental pleading is committed to the "sound discretion" of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). District courts have broad discretion under Rule 15(d) in determining whether to permit a supplemental complaint. *Keith*, 858 F.2d at 473.

The same factors relevant to a Rule 15(a) motion for leave to amend the complaint–undue delay, prejudice, bad faith, and futility–are generally the same as those factors considered in a Rule 15(d) motion to supplement. *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "some relationship must exist between the newly alleged matters and the subject of the original action, [but] they need not all arise out of the same transaction." *Keith*, 858 F.2d at 474. A supplemental pleading cannot "be used to introduce a 'separate, distinct and new cause of action,'" *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997), *quoting Berssenbrugge v. Luce Mfg. Co.*, 30 F.Supp. 101, 102 (D.Mo. 1939); *see also*, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

Here, the Court finds the relevant factors weigh in favor of allowing the supplemental pleading. Judicial efficiency favors having all possible claims and allegations to be made and

decided so as to fully resolve the dispute between these parties. The proposed supplemental

pleading, in large part, adds events occurring after the date of the original Complaint which

relate to the claims raised therein. In particular, facts surrounding the amended compliance

order to which Defendants do not object. The other differences between the two pleadings

do not appear to significantly alter the claims or allegations.[1] Further, the proposed

supplemental complaint discusses only the APA claim challenging the determination that the

property is subject to the CWA. (Dkt. 88.) The original complaint contained additional claims

alleging constitutional violations which claims Plaintiffs are presumably still pursuing. (Dkt.

1.)[2] Moreover, the Court finds that the proposed supplemental complaint has "some relation"

---

[1] For instance, the proposed supplemental complaint omits the discussion contained in the original Complaint regarding the 2001 case of *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159 (2001). (Dkt. 1 at ¶¶ 16-18.) It also changes its discussion concerning the application of the jurisdictional tests found in *Rapanos v. United States*, 547 U.S. 715 (2006). (Dkt. 1 at ¶¶ 19-21) *compared to* (Dkt. 88 at ¶¶ 16-20.) There are also differences between the alleged injury suffered by Plaintiffs. *See* (Dkt. 88 at ¶ 39) ("The Sacketts are currently and continuously injured by the issuance of the compliance order as amended because its issuance and the coincident threat of enforcement has forced and will continue to force the Sacketts to alter their land management practices and subject them to severe restrictions on the use of their land. Specifically, as a result of compliance order and its threat of enforcement, the Sacketts have suffered and will continue to suffer a diminution in the available uses of that land. The Sacketts' property has already lost value because of the compliance order and its threat of enforcement, which loss will continue.") *compared to* (Dkt. 1 at ¶ 32) ("Plaintiffs are presently and continuously injured by the compliance order's issuance because its issuance and coincident threat of enforcement will force Plaintiffs either to restore their property essentially to its original condition at great expense, or to subject themselves to severe civil and criminal penalties."); *see also* (Dkt. 88 at ¶ 45) *compared to* (Dkt. 1 at ¶ 40.)

[2] Amended pleadings relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading. Supplemental pleadings deal

to the claims set forth in the original Complaint. Finally, the Court finds that given the length of time this case has been pending and the fact that the parties have not yet filed their dispositive motions in this case there is no prejudice to Defendants to allow the supplementation. To that end, the Court will allow the Defendants to file a supplemental answer.

**2)      Motion to Strike Administrative Record**

On January 15, 2013, the Defendants filed the Administrative Record in this case. (Dkt. 62.) Thereafter, Plaintiffs filed the Motion seeking to strike from the Administrative Record certain materials that, they argue, were not considered or were not before the decision-maker at the time the decision at issue was rendered. (Dkt. 70.) In particular, Plaintiffs note that the Administrative Record contains a number of items created after the May 15, 2008 amended compliance order was issued such as the John Olson's field notes from his visit to the Plaintiffs' property and a July 1, 2008 report by John Olson which relies on other materials dated after May of 2008 and/or materials that were not considered prior to the issuance of the May 15, 2008 compliance order. In total, Plaintiffs seek to strike 14 documents.[3]

---

with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings. *See Wright, Miller & Kane, Federal Practice & Procedure*, Chp. 4, § 1504 (3d ed.) (2011).

[3] Plaintiffs withdraw their objection to seven of the documents – 3, 4, 8, 29-31, and 33 – in their Reply Brief. (Dkt. 84 at 4 n. 1.)

Defendants respond arguing that the materials at issue were before the agency and were indirectly considered by the decision maker before he signed the compliance order. (Dkt. 73.) Specifically, Defendants represent that Mr. Olson telephoned his conclusions from his site visit to the EPA Regional Office in Seattle, Washington on May 15, 2008 and recommended that the decision-maker issue the compliance order; Mr. Olson concluded that the Plaintiffs' property met the requirements for establishing jurisdiction under the CWA. (Dkt. 73 at 11.) Thereafter, Mr. Olson prepared his July 1, 2008 memorandum summarizing those same findings. The Defendants further note that the other materials relied upon in Mr. Olson's July 1, 2008 memorandum were available to him and considered prior to his May 15, 2008 site visit and made up his general background knowledge and experience which he relied upon in reaching his conclusion.[4]

In reply, Plaintiffs maintain that the materials should be stricken because their existence had to be within the agency's pre-existing "specific" knowledge; not merely his or her general knowledge. (Dkt. 84.) The primary documents Plaintiffs seek to strike are the June 2008 stream data and the July 1, 2008 memorandum arguing it is improper explanatory material, new information, and new analysis. In particular, Plaintiffs assert that the specifics of the stream data relied upon by Mr. Olson in his July 1, 2008 goes beyond what within his

_____

[4] In their response to the Motion to Supplement, Defendants contend that the Motion to Strike is Moot because the supplementation seeks to include events occurring after the filing of the original complaint. (Dkt. 90 at 3 n. 1.) Plaintiffs counter that their supplemental filing does not moot the Motion to Strike. (Dkt. 91.) The Court finds the Motion to Supplement does not render the Motion to Strike moot.

"general knowledge" at the time the May 15, 2008 compliance order was issued. Finally, Plaintiffs argue they will be prejudiced by allowing the challenged documents.

Defendants filed a Motion to File a Surreply brief to address the new issues raised in the Declaration of Ray Kagel attached to the Plaintiffs' reply brief. (Dkt. 85.) Plaintiffs do not oppose the request and, therefore, the Court will grant the same and has considered the Defendant's proffered surreply brief. In that brief, Defendants oppose the Court's consideration of Mr. Kagel's Declaration arguing his interpretation and characterization of certain documents is not appropriate as it is not a part of the administrative record in this case nor have Plaintiffs sought to supplement it to the administrative record. (Dkt. 85.)

Relatedly, Plaintiffs have also filed a Notice of Supplemental Authority, *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581 (9th Cir. 2014). (Dkt. 86.) Plaintiffs argue this case stands for the proposition that post-hoc expert testimony was not admissible in an APA case. Defendants responded arguing the Plaintiffs have misrepresented the holding of that case. (Dkt. 87.) Defendants maintain the *San Luis* case simply reaffirms the principal that judicial review in this case should be based on the administrative record as certified by the agency and that the agency is entitled to rely upon its own experts.

In *San Luis*, the Ninth Circuit stated that "review is limited to 'the administrative record already in existence, not some new record made initially in the reviewing court.'" *Wild Fish Conservancy v. National Park Serv.*, 8 F.Supp.3d 1289, 1295 (W.D. Wash. 2014) (quoting *San Luis*, 747 F.3d at 602) (quoting *Camp v. Pitts*, 411 U.S. 138 (1973)). The Ninth

Circuit has, "however, crafted narrow exceptions to this general rule." *Id.* (quoting *Lands*

*Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005)). The exceptions are:

> (1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency.

*Fence Creek Cattle Co. v. United States Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

Although post-decision information may be admissible to the extent it can be "deemed a

clarification or an explanation of the original information before the [a]gency," the Ninth

Circuit has made clear that parties may not use "post-decision information as a new

rationalization either for sustaining or attacking the agency's decision." *Ass'n of Pac.*

*Fisheries*, 615 F.2d at 811–12; *see also Bunker Hill Co. v. EPA*, 572 F.2d 1286, 1292 (9th

Cir. 1977) (permitting extra-record evidence because it was "merely explanatory of the

original record" and "[n]o new rationalization of the [agency's decision] was offered").

The Court has reviewed the particular materials at issue in the Motion to Strike and

will reserve its ruling on those matters until after the parties have filed their dispositive

motions in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)      Plaintiffs' Motion to Strike (Dkt. 70) is **UNDER ADVISEMENT**.

2)      Plaintiffs' Motion to Supplement (Dkt. 88) is **GRANTED**. Defendants shall file their supplemental answer on or before **May 29, 2015**.

3)      Defendants' Motion to File Surreply (Dkt. 85) is **GRANTED**.



DATED:  **April 21, 2015**

Honorable Edward J. Lodge
U. S. District Judge